**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dwayne Curtis Deleston,  Civil No. 12cv730 (RHK/SER)

          Petitioner,

v.  **REPORT AND RECOMMENDATION**

Scott P. Fisher,

          Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Dwayne Curtis Deleston's ("Deleston") application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.  BACKGROUND**

Deleston is an inmate serving a 240-month prison sentence at the Federal Correctional Institution in Sandstone, Minnesota. His sentence was imposed in a criminal action brought by he United States District Court for the District of South Carolina. *See United States v. Deleston*,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

No. 2:99-cr-751-DCN-6 (D.S.C.)

Deleston contends that he is being detained illegally, because the Fourth Circuit Court of Appeals allegedly vacated his sentence more than seven years ago. The factual and legal grounds for Deleston's current habeas corpus petition, repeated verbatim and in their entirety, are as follows:

> The Court of Appeals for the Fourth Circuit vacated the sentence since January 21, 2005, the warden is enforcing against the petitioner to hold him in prison in violation of his Constitutional Right to be free from unlawful imprisonment, and right to liberty with no probable cause.

(Petition, [Doc. No. 1], p. 3, § (9).)

This claim is meritless.

## II.     DISCUSSION

On direct appeal, the Fourth Circuit Court of Appeals affirmed Deleston's conviction in 2001. *United States v. Deleston*, 22 Fed.Appx. 206 (4th Cir. 2001), *cert. denied*, 535 U.S. 977 (2002). In 2002, Deleston filed a motion in the trial court seeking a sentence reduction pursuant to 18 U.S.C. § 3582. The trial court construed the § 3582 motion to be a motion for relief under 28 U.S.C. § 2255, and denied the motion. Deleston appealed that ruling, claiming that the trial court should not have treated his § 3582 motion as a § 2255 motion.

While that appeal was pending, Deleston filed yet another motion in the trial court that was intended to be his first motion for post-conviction relief under § 2255. Because the trial court previously construed Deleston's § 3582 motion to be a § 2255 motion, Deleston's new motion was found to be a second or successive § 2255 motion, and summarily denied the motion. Deleston's motion for reconsideration was also denied. Deleston then appealed the trial court's rulings on his second § 2255 motion and reconsideration motion.

The Fourth Circuit consolidated all three of Deleston's appeals – i.e., (i) the initial appeal from the trial court's ruling on the § 3582 motion, (ii) the appeal from the ruling on the new § 2255 motion (that had been found to be "second or successive" § 2255 motion), and (iii) the appeal from the ruling on the motion for reconsideration. The Court of Appeals found that the trial court had erred in treating Deleston's initial § 3582 motion as a § 2255 motion, without first allowing Deleston the right to either withdraw or amend the motion.[2] Moreover, because the trial court mishandled the first motion, Deleston's second motion, (i.e., the motion specifically brought as a § 2255 motion), should not have been dismissed as a second or successive § 2255 motion. Concomitantly, Deleston's motion for reconsideration should also not have been denied. Thus, the Court of Appeals vacated the trial court's rulings on all three motions – the initial motion that cited § 3582, the following motion that cited § 2255, and the motion for reconsideration. The case was remanded to the trial court "for further proceedings" consistent with the Court of Appeals' opinion. *United States v. Deleston*, 116 Fed.Appx. 454 (4th Cir. 2004) (unpublished opinion).

When Deleston's criminal case was remanded to the trial court, the clerk of that court made a notation on the docket sheet, which reads as follows:

> JUDGMENT OF USCA (certified copy) as to Dwayne Deleston Re: [321-1] appeal, [250-1] appeal vacating and remanding for sentencing as to Dwayne Deleston (6) count(s) 3ss_(jwol) Modified on 01/21/2005 (Entered: 01/21/2005).

---

[2] This ruling was based on the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Court held that a federal trial court cannot recharacterize an ambiguous post-conviction motion as a § 2255 motion "unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id*. at 377.

(Petition, [Doc. No. 1], Attachment, [Docket Entry # 344].)

Deleston now claims -7 years later- that his **sentence** has been vacated and he should be immediately released from custody based solely on the clerk's abridged description of the Court of Appeals' remand ruling. This claim is frivolous.

The Court of Appeals ruling cited did **not** vacate Deleston's sentence. Rather, it only vacated the trial court's rulings on his three preceding post-conviction motions, (i.e., the original motion brought under § 3582, the later motion brought under § 2255, and the ensuing motion for reconsideration). The trial court was **not** directed to set aside or modify Deleston's sentence; the case was simply remanded "for further proceedings."

Deleston has not shown (or even suggested) that his sentence was ever vacated or modified following the Court of Appeals' remand order. During the seven years that have passed since Deleston's criminal case was remanded to the trial court, he has filed a host of additional motions, petitions and appeals, in which he has raised a variety of challenges to his conviction and sentence. To date, however, **Delston's conviction and sentence have not been invalidated**.³ Thus, Deleston's current habeas corpus petition is meritless. This action should be summarily dismissed with prejudice.

Having determined that this action should be summarily dismissed, the Court will further recommend that Deleston's application to proceed *in forma pauperis*, ("IFP"), be summarily denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kruger v. Erickson*, 77 F.3d 1071, 1074, n.

---

³ This Court is able to access and review the record for Deleston's trial court proceedings by means of the Case Management/Electronic Case Filing procedures, ("CM/ECF"), maintained by the federal judiciary. Nothing in the trial court record suggests that Deleston's sentence has been set aside.

3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

Finally, the Court notes that Deleston has now filed four § 2241 habeas corpus petitions in this District during the past twelve months, and not one of those petitions has survived preliminary screening. The order that dismissed Delston's last preceding petition pointed out that "Petitioner's 'serial filing' is a gross abuse of the federal court system." (*Deleston v. Federal Bureau of Prisons*, Civil No. 12-439 (RHK/SER), Order dated March 1, 2012, [Doc. No. 5], p. 2.) That order expressly warned Deleston that "**if he continues to file frivolous Petitions in this Court, his unfettered access to the federal courts might be restricted (through the imposition of a filing injunction and/or pre-filing review by a judicial officer) and the Court may impose other sanctions on him**." (*Id.*, [emphasis in the original order].) Less than three weeks after this warning was issued, Deleston filed yet another habeas corpus petition that is indisputably frivolous. Deleston has not merely ignored the Court's recent warning; but rather, he has flouted that warning deliberately and blatantly. Therefore, the presiding District Court Judge in this matter will need to consider whether it is now time to impose sanctions that will deter Deleston from continuing to abuse the federal court system.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Deleston's application to proceed *in forma pauperis*, [Doc. No. 2] be **DENIED**; and

2. Deleston's application for habeas corpus relief under 28 U.S.C. § 2241, [Doc. No. 1], be summarily **DISMISSED WITH PREJUDICE**.

5

Dated: March 28, 2012                                              *s/Steven E. Rau*
                                                                   Steven E. Rau
                                                                   U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 12, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.